IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KENNEDY INVESTMENTS, INC. d/b/a THE VINE TAVERN & EATERY, <br><br> Defendants. | CASE NO. <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff Illinois Casualty Company ("ICC"), by and through the undersigned counsel, and for its Complaint for Declaratory Judgment hereby states as follows:

1. ICC brings this action seeking a declaration that it owes no duty to defend or indemnify Defendant Kennedy Investments, Inc. d/b/a The Vine Tavern & Eatery ("Defendant"), under a liquor liability insurance policy, in a pending civil action in Arizona.

2. On April 22, 2022, plaintiffs David McCurdy, D. Patrick McCurdy, and Lori McCurdy [hereinafter, and together with Greenwood, "underlying plaintiffs"] filed suit against Defendant Kennedy Investments Inc., alongside other defendants, in Arizona Superior Court (Maricopa County Case No. CV2022-005153), alleging dramshop liability, loss of consortium, and alter ego.

3. On August 8, 2022, the McCurdy plaintiffs filed an Amended Complaint, adding a claim of fraudulent transfer against Kennedy Investments Inc. and the other underlying defendants. *See* Attachment 1 (underlying amended complaint).

4. On September 12, 2022, underlying plaintiff's action was consolidated with a different related drampshop case, into Maricopa County Case No. CV2021-053151 [hereinafter "the underlying action"].

5. No other party—other than McCurdy underlying plaintiffs—alleges any cause of action against Defendant Kennedy Investments Inc. in the underlying action.

6. The underlying action remains pending.

7. As it pertains only to Defendant Kennedy Investments Inc., the underlying action alleges injuries stemming from the alleged sale or service of alcohol at a bar in Arizona, located at 801 E. Apache Boulevard, Tempe, Arizona [hereinafter "the Arizona Bar"].

## Jurisdiction and Venue

8. ICC is, and at all relevant times was, a corporation incorporated under Illinois law with its principal place of business in Illinois.

9. Defendant Kennedy Investments, Inc. d/b/a The Vine Tavern & Eatery is an Iowa corporation with its principal place of business in Iowa City, Iowa.

10. Complete diversity exists between the parties. 28 U.S.C. § 1332(a).

11. This Complaint for Declaratory Judgment involves a liquor liability insurance policy with $1,000,000 limits, which exceeds the amount-in-controversy requirement. *Id.*

12. This Court retains personal jurisdiction over Defendant because it is an Iowa corporation and because the insurance policy at issue relates to real property located in Iowa City, Iowa.

13. Venue is proper in this District.

14. Actual justiciable controversies exist between ICC and Defendant, including whether ICC is obliged to defend the underlying action and whether ICC has a duty to indemnify under the insurance policy at issue.

15. ICC brings its claim for declaratory judgment pursuant to the procedural Declaratory Judgment Act (28 U.S.C. § 2201(a)), permitting federal courts to issue declaratory orders in circumstances like these, and by the general legal and equitable role of this Court, which empowers the Court to grant the requested relief.

**Common Facts**

16. Relevant here, Defendant maintained a liquor liability insurance policy with ICC, which afforded coverage from April 29, 2020, to April 29, 2021 [hereinafter "the Policy"]. *See generally* Attachment 2 (Liquor Liability Policy No. LL104504).

17. Defendant Kennedy Investments, Inc. maintained no other general commercial liability policy with ICC during the operative time.

18. The acts giving rise to the underlying action allegedly occurred on April 24, 2021.[1]

19. On April 24, 2021, Alleged Intoxicated Person ("AIP") Sheldon Whitebird is alleged to have visited the Arizona bar.

20. AIP Whitebird is alleged to have consumed six 32-ounce steins of beer over the course of five hours.

---

[1] Under Iowa law, Plaintiff ICC understands that for the purposes of assessing an insurer's duty to defend, the court determining coverage is to accept the facts pled in the underlying litigation as true. *See Employers Mut. Cas. Co. v. Cedar Rapids Television Co.*, 552 N.W.2d 639, 641 (Iowa 1996). Plaintiff ICC takes no position on the substantive veracity of the underlying allegations. Rather, ICC merely acknowledges the following facts are alleged in the underlying litigation.

21. Underlying plaintiffs allege that AIP Whitebird operated his vehicle off the Arizona bar's premises and struck two parked vehicles (in the parking lot), and underlying plaintiffs David McCurdy (standing on the sidewalk off premises) and Ryan Greenwood.

22. Underlying plaintiffs bring allegations against eight (8) named defendants, including AIP Whitebird and Defendant Kennedy Investments, Inc. d/b/a The Vine Tavern & Eatery, and thirty-two (32) John/Jane Doe defendants.

23. In the original state-court petition filed in the underlying litigation, Defendant Kennedy Investments Inc. was sued on theories of dramshop liability, loss of consortium, and alter ego liability.

24. On August 8, 2022, underlying plaintiff amended the operative Complaint to allege a new count of fraudulent transfer against Defendant Kennedy Investments Inc. and others.

25. On June 13, 2022, Defendant made a claim on the Policy based on the alleged events at the Arizona Bar which form the basis for the underlying action.

## Policy Coverage

26. Defendant is the only named insured under the Policy. *See* Attachment 2, at 5.

27. The Policy provides coverage only for Defendant's liability arising during the coverage period and resulting from "the selling, serving, or furnishing of any alcoholic beverage at 'your premises,'" subject to other Policy conditions, exclusions, and provisions. Attachment 2, at 1.

28. As defined in the Policy, "your premises" means "the location specifically described in the [Policy's] Declarations" and adjacent adjoining property owned or controlled by the Defendant. Attachment 2, at 21.

29. The "Described Premises" contained in the Policy Declarations identifies "[t]he specifically described location(s)" which constitute "your premises."

30. The "Described Premises" section "specifically describe[s]" a single location: Defendant's restaurant in Iowa City, Iowa, located at 330 E. Prentiss St. [hereinafter "the Iowa City Restaurant"].

> **DESCRIBED PREMISES**
>
> The specifically described location(s) at which you sell, serve or furnish alcoholic beverages covered by this Policy is (are):
> Loc# 1 - 330 E Prentiss St, Iowa City, IA  52240 (Johnson)

Attachment 2, at 5.

31. In the underlying litigation, there is no allegation of sale, service, or other furnishing of any alcoholic beverage in the Iowa City Restaurant; the only allegation relates to the sale and service of AIP Whitebird at the Arizona Bar.

32. The Policy Declarations' "Described Premises" does not describe the Arizona Bar. *See id.*

33. The Policy contains conditions precedent, coverage provisions, and exclusions from coverage.

34. For example, the Policy excludes "other acts," which specifically denounces any insurer obligation with respect to injuries caused "by any act of any insured other than the selling, serving or furnishing of any alcoholic beverage":

> 1. This insurance does not apply to:
>    a. Other Acts
>       "Injury" caused directly or indirectly by any act of any insured other than the selling, serving or furnishing of any alcoholic beverage.

*Id.* at 12.

35. The Policy also, and separately, excludes coverage under its "other insurance" provision:

> **i. Other Insurance**
>
> Any "injury" with respect to which other insurance is afforded, or would be afforded but for the exhaustion of the Limits Of Insurance.
>
> This exclusion does not apply if the other insurance responds to liability for "injury" imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.

*Id.* at 12–14.

36. Finally, the Policy also contains a provision that it "will have no duty to defend the insured against any 'suit' seeking damages for 'injury' to which this insurance does not apply." *See* Attachment 2, at 12.

## COUNT I—DECLARATORY JUDGMENT

37. Plaintiff ICC reasserts and incorporates Paragraphs 1–35 as if fully stated herein.

38. The underlying action is premised on alleged conduct and injuries taking place wholly in Arizona, at the Arizona Bar.

39. The Policy is not a general all-risk policy.

40. Coverage under the Policy extends only to Defendant's liability arising from the provision of alcohol at the Iowa City Restaurant.

41. There are no allegations in the underlying action that the Iowa City Restaurant or its agents and employees overserved AIP Whitebird.

42. The underlying petition alleges AIP Whitebird was served at the Arizona Bar and that the resultant injuries occurred entirely in Arizona.

43. Additionally, the Policy provides no coverage for any other claim of liability the underlying plaintiff might allege against the insured, to include negligence, alter ego, fraudulent

6

transfer, and any other allegation which is—or may become—alleged against the insured Defendant Kennedy Investments Inc.

44. Defendant Kennedy Investments, Inc. does not have any other businessowners policy with Plaintiff ICC during the operative time period.

45. Relatedly, to the extent the underlying plaintiffs' allegations are covered by other insurance policy/ies, including the causes of action identified in Paragraph 42 *supra*, the liquor liability Policy excludes coverage.

46. Even accepting the factual allegations in the underlying litigation as true, no coverage exists for the underlying action, and ICC has no duty to indemnify.

47. Because there could be no duty to indemnify under these allegations on this Policy, ICC has no duty to defend Kennedy Investments Inc. *E.g.*, *Pursell Constr., Inc. v. Hawkeye-Sec. Ins. Co.*, 596 N.W.2d 67, 72 (Iowa 1999) ("Because there is no coverage, [the insurer] has no duty to defend….").

WHEREFORE, Plaintiff ICC respectfully requests the Court enter judgment in equity in favor of ICC and against Defendant declaring the following:

(i) No coverage exists under the Policy for the claims asserted in the underlying action pending before the Arizona Superior Court for Maricopa County; and

(ii) ICC has no duty to defend the underlying action for lack of insurance coverage.

Respectfully submitted,

ZENOR KUEHNER, PLC

By: /s/ *Adam D. Zenor*
   Adam D. Zenor, AT0009698

By: /s/ *Derek R. LaBrie*
   Derek R. LaBrie, AT0014157

111 East Grand Avenue, Suite 400
Des Moines, IA  50309
Phone:  515/650-9005
Fax:  515/206-2654
adam@zenorkuehner.com
derek@zenorkuehner.com

ATTORNEYS FOR PLAINTIFF ILLINOIS CASUALTY COMPANY.